IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MISSOURI FRANCHISE**
**DEVELOPMENT SYSTEMS, LLC**
**AND BRIAN BROWN,**

**Plaintiffs,**

**v.**                                              **No. 07-CV-00099-DRH-DGW**

**JOE McCORD and**
**DONALD HARKLEROAD;**

**Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Now before the Court are two motions filed by Plaintiffs: a motion to remand (Doc. 9) and a motion to strike or, in the alternative for an extension of time to respond to Defendants' motion to dismiss for failure to state a claim (Doc. 15).

Plaintiffs' motion to remand asserts that diversity jurisdiction does not exist because Defendants have failed to establish that the amount in controversy exceeds $75,000. (Doc. 9.) However, upon a threshold review, the Court observes what may be an additional jurisdictional problem. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Ex parte McCardle*, 7 Wall. 506, 514 19 L.**

**Ed. 264 (1868);** *Steel Co. v. Citizens for Better Environment*, **523 U.S. 83, 94 (1998)**.  In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit.  *See Kreuger v. Cartwright*, **996 F.2d 928, 930-31 (7th Cir. 1993)**; *Kanzelberger v. Kanzelberger*, **782 F.2d 774, 777 (7th Cir. 1986)**.  Moreover, the party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met.  *Chase v. Shop 'N Save Warehouse Foods, Inc.*, **110 F.3d 424, 427 (7th Cir. 1997).**

The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs.  Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen."  *Howell v. Tribune Entertainment Co.*, **106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**.  Under **28 U.S.C. § 1332(c)**, for the purpose of federal diversity jurisdiction, a corporation is deemed a citizen of both the state in which it is incorporated and the state where its principal place of business is located.  *Casio, Inc. v. S.M. & R. Co.*, **755 F.2d 528, 529 (7th Cir.1985)**.  "The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members."  *Wise v. Wachovia Securities,*

***LLC*, 450 F.3d 265, 267 (7th Cir. 2006)(collecting cases);** *see also* ***Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 881 n.1 (7th Cir. 2004)(citing** *Belleville Catering Co. v. Champaign Market Place, LLC*, **350 F.3d 691, 692 (7th Cir. 2003))**. As such, unincorporated business entities, such as limited partnerships ("LP") or limited liability companies ("LLC") "are [more appropriately] analogized to partnerships . . . ." ***Belleville Catering Co.*, 350 F.3d at 692 (citing *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S. Ct. 1015 (1990))**. Thus, the Seventh Circuit deems an LLC a citizen "of every state of which any member is a citizen." ***Id.* (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir.1998))**.

In Defendants' notice of removal (Doc. 2), Defendants do not sufficiently allege the citizenship of each member of Plaintiff Missouri Franchise Development Systems, L.L.C. In addition, Defendants refer to the residency of individuals, rather than their citizenship. Lastly, Defendants allege that Missouri Franchise Development Systems, L.L.C. is organized under the laws of Missouri with its principal office in Illinois. However, Plaintiffs' Complaint (Doc. 2-2) states that Missouri Franchise Development Systems, L.L.C. is a registered L.L.C. in the state of Illinois. The parties' failure to properly plead the citizenship of the LLC and individuals in this case places into question whether the citizenship between the parties is completely diverse. Until this has been properly pled, the Court must approach this case as if jurisdiction does not exist. Along these lines, consequently,

the Court does not have the authority to "consider the merits of a case over which it is without jurisdiction." ***Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981)**.

While the Court does not affirmatively find that diversity jurisdiction between the parties does *not* exist, because it remains uncertain, it is therefore not properly established. As a result, the parties asserting diversity jurisdiction, Defendants Joe McCord and Donald Harkleroad, are hereby **ORDERED** to submit a **JURISDICTIONAL BRIEF** addressing the issue of the citizenship of each member of the Missouri Franchise Development Systems, L.L.C., as well as the citizenship of each individually named plaintiff and defendant. This brief shall be filed by **May 1, 2007**. Further, should Defendants fail to timely file said Jurisdictional Brief or fail to seek an extension of time, the Court will then instruct the Clerk to remand the case for lack of subject matter jurisdiction. If complete diversity is established, the Court will then proceed to consider the merits of Plaintiffs' two other motions. (Docs. 9,15.)

**IT IS SO ORDERED.**

Signed this 18th day of April, 2007.

/s/    David    RHerndon
**United States District Judge**