**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**MISSOURI FRANCHISE**
**DEVELOPMENT SYSTEMS, LLC**
**AND BRIAN BROWN,**

**Plaintiffs,**

v.                                                                        No. 07-CV-00099-DRH-DGW

**JOE McCORD and**
**DONALD HARKLEROAD;**

**Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION AND BACKGROUND

Pending before the Court is Plaintiffs' Motion to Remand for lack of subject matter jurisdiction. (Doc. 9.)  Plaintiffs assert that the Court lacks authority to adjudicate this matter because the amount in controversy requirement mandated by **28 U.S.C. § 1332** has not been met.  However, on the Court's initial screening of the Complaint (Doc. 2-1) and Defendant's Notice of Removal (Doc. 2), the Court noted an additional, potential jurisdictional problem: the parties had failed to properly plead the citizenship of the members of Missouri Franchise Development Systems, L.L.C.  The Seventh Circuit deems an LLC a citizen "of every state of which any member is a citizen." ***Belleville***

1

***Catering Co. v. Champaign Market Place, LLC,* 350 F.3d 691, 692 (7th Cir. 2003)(citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998).** Therefore, the citizenship of each member of the LLC must be pled when a party is claiming diversity as the basis for federal subject matter jurisdiction.  In an Order dated April 18, 2007, the Court directed Defendants to submit a jurisdictional brief addressing the citizenship of each member of Missouri Franchise Development Systems, L.L.C., as well as each individually named plaintiff and defendant. (Doc. 22.)  On May 1, 2007, Defendants submitted a jurisdictional memo, which sufficiently establishes the citizenship of each member of Missouri Franchise Development Systems, L.L.C. and every other individually named plaintiff and defendant. (Doc. 27.)  Based on Defendant's jurisdictional memo, the Court is now satisfied that the parties are diverse.  In addition, the Court finds that the amount in controversy is satisfied; therefore, the Court finds that subject matter jurisdiction does exist.

On November 20, 2006, Plaintiffs Missouri Franchise Development Systems, LLC, and Brian Brown ("Plaintiffs") filed suit against Defendants Joe McCord and Donald Harkleroad ("Defendants") in the Circuit Court of St. Clair County, Illinois alleging various causes of action stemming from Defendants' alleged breach of contract, specifically, the "Area Director Agreement" ("ADA").  The Complaint alleges that Defendants, as representatives of the Steak-Out food delivery service, induced Plaintiffs into becoming Area Development Directors for Steak-Out franchises.  Plaintiffs further alleged that the Defendants fraudulently

misrepresented the terms of the parties' agreement and the extent of Plaintiffs' exclusive regional development rights which, coupled with other factors, amounted to a material breach of the ADA.

The damages claimed in the Complaint may be roughly separated into expenses Plaintiffs incurred in reliance on the ADA and other damages resulting from Plaintiffs' upset expectancy that the ADA would be carried out. Regarding the first category of damages, costs incurred in reliance that the ADA would be fulfilled, Plaintiffs claimed in their Complaint that "[a]s a direct and proximate result of Defendant's fraudulent, false and intentional misrepresentations, Plaintiffs were induced into expending substantial sums of money and time into the business of developing Steak-Out franchises within the geographic territory purportedly granted to Plaintiffs. These sums are in excess of the jurisdictional amount." (Doc. 2, paragraph 14). The jurisdictional amount to which the Complaint refers is "an amount greater than $50,000, exclusive of costs, interest and attorney's fees," as required by Illinois law for the action to be brought in the major civil division of its circuit courts. (Doc. 2). Additionally, in Count III, the breach of contract claim, Plaintiffs allege:

> In addition to the foregoing acts and omissions by Defendants, Defendants also violated the ADA in the following respects:
>     a.  Failed to pay the Franchise fees as required in the ADA; . . .
>     d. Improperly transferred the O'Fallon, Illinois franchise to Maryville, Illinois in violation of the ADA; . . .
>     g.   Failed to make payments for the Franchise fee due Plaintiffs as it relates to the Howdershell and St. Charles, Missouri Steak-Out locations . . .

(Doc. 2, paragraph 21).

In a demand letter dated February 10, 2006, Plaintiffs quantified the amount in controversy properly attributable to these claims.  The letter enumerates fifteen indicia of breach and damages attributable to Defendants' alleged breach of the ADA.  Among these were Plaintiffs' assertions that $12,500 worth of franchise fees was in dispute with regard to both the Howdershell and St. Charles Steak-Out locations, thus totaling $25,000.  Additionally, Plaintiffs indicated that the improper transfer of the O'Fallon, Illinois location resulted in Plaintiffs' loss of income of $6,250.

Defendants removed Plaintiffs' claim to this Court on February 2, 2007, invoking the Court's diversity jurisdiction.  **28 U.S.C. § 1332**.  (Doc. 2.) On February 23, 2007, Plaintiffs submitted their Motion to Remand.  (Doc. 9.) Both parties have  submitted memoranda of law supporting their positions. (Docs. 10, 13).

## II. ANALYSIS

The Constitution does not require that any particular amount be in controversy between diverse parties in order to invoke the subject matter jurisdiction of the federal courts.  **U.S. Const., art. III, § 1**.  However, Congress is not prevented from establishing a jurisdictional amount requirement, since it need not grant all of the Article III judicial power to the federal courts.  ***Kline v. Burke Constr. Co.*, 260 U.S. 226 (1922)**.  Since 1996, the amount in controversy required to invoke federal court jurisdiction has been more than $75,000,

exclusive of interest and costs. **The Federal Courts Improvement Act of 1996, 110 Stat. 3847**.

When the plaintiff is the party invoking federal jurisdiction, her allegation that more than $75,000 is in controversy is accepted unless it can be proven to "a legal certainty" that this amount is not actually in controversy. ***St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938)**.

In ***Shaw v. Dow Brands, Inc.***, the Seventh Circuit held that a defendant invoking federal jurisdiction through removal must prove by "a reasonable probability" that jurisdiction exists. **994 F.2d 364, 366 (7th Cir. 1993)**. In ***Meridian Security Insurance Co. v. Sadowski,*** the Seventh Circuit noted that this language has been wrongly interpreted to mean that uncertainty about the stakes must be resolved against the proponent of jurisdiction, making the defendant's burden greater than that which was intended. **441 F.3d 536, 540 (7th Cir. 2006).** For this reason, the Seventh Circuit expressly banished the "reasonable probability" standard from its lexicon. ***Id*.** **at 543.** Plaintiffs incorrectly cite this language as the prevailing legal standard,  Instead, the test to be applied is as follows.  First, the defendant must proffer facts which establish that the amount in controversy exceeds $75,000.  Second, once the removing party has met this burden, ***"the sum claimed by [the proponent of federal jurisdiction] controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the***

***jurisdictional amount to justify dismissal." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 293 (1938).*** Furthermore, jurisdiction is determined as of the moment of removal. ***In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992).**

In satisfying the first prong of the test, the court may consider various means to determine how much is in controversy, including (but not limited to) interrogatories or admissions, calculation from the complaint's allegations, reference to the plaintiff's informal estimates or settlement demands, or defendant affidavits regarding how much it would cost to satisfy the plaintiff's demands. **441 F.3d at 541-42**. If over $75,000, this estimate, based on factual allegations, triggers the second prong of the test (denying remand unless the opposing party proves to a "legal certainty" that the amount in controversy is not satisfied). ***Id.* at 542.**

Applying these standards to the case at hand, this Court finds that the amount in controversy requirement for diversity jurisdiction is satisfied. Plaintiffs' Complaint is sufficient to support this finding on its face. First, Plaintiffs claim to have expended sums in excess of $50,000 on reliance that the ADA would be fully performed and executed by Defendants. Second, in Count III Plaintiffs claim damages "in addition" to reliance expenses for breach of the ADA. Among many such damages claimed are franchise fees Defendants failed to pay totaling at least $25,000, as well as Plaintiffs' lost income due to

6

Defendants' improper transfer of the O'Fallon, Illinois franchise totaling $6,250. These sums combine to total $81,250, and they are not the only damages claimed in the Complaint. These facts give rise to a fair inference that more than $75,000 is in dispute.

## II. CONCLUSION

In conclusion, after considering the pleadings, case law, and memoranda prepared by both parties, the Court finds that the facts alleged regarding the amount in controversy establish by a preponderance of the evidence that an amount exceeding $75,000 was in controversy at the time of removal. Additionally, it appears that complete diversity exists between the parties. Therefore, the Court is satisfied that Defendants have properly removed this case on the basis of diversity jurisdiction pursuant to **28 U.S.C. § 1332**. Plaintiffs' Motion to Remand (Doc. 9) is, therefore, **DENIED.**

Signed this 3rd day of May, 2007.

/s/        David    RHerndon
**United States District Judge**