IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MISSOURI FRANCHISE
DEVELOPMENT SYSTEMS, LLC
AND BRIAN BROWN,

Plaintiffs,

v.                                                     No. 07-CV-00099-DRH-DGW

JOE McCORD and
DONALD HARKLEROAD;

Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter comes before the Court on Plaintiffs' Motion to Strike or, in the Alternative for an Extension of Time to Respond to Defendants' Motion to Dismiss for Failure to State Claim. (Doc. 15.)  On February 9, 2007, Defendants filed a Motion to Dismiss or in the Alternative for Transfer of Venue. (Doc. 4.)  Plaintiffs have already filed a response to the transfer of venue request; therefore, the motion currently before the Court pertains solely to the part of the motion seeking dismissal.

Attached to Defendants' memorandum in support of their motion to dismiss were three documents: 1) a Declaration by Joseph McCord ("Declaration") (Doc. 5, Ex. 1); 2) the Area Director Agreement ("ADA") (Doc. 5, Ex. A); and 3) a letter dated February 10, 2006 from Plaintiff Brian Brown to Defendant Don Harkleroad

1

("Demand Letter") (Doc. 5, Ex. B).  In Plaintiffs' motion to strike, Plaintiffs request that the Court either strike each of these documents from the motion to dismiss or convert the motion to dismiss into a motion for summary judgment and grant Plaintiffs' additional time to conduct discovery before responding.  For the following reasons, the Court grants Plaintiffs' motion in part and denies in part.

At this stage of the litigation, the Court finds that it would be premature to convert Defendants' motion to dismiss into a motion for summary judgment. Therefore, the Court intends to treat the motion as a **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** motion.  As a general rule, when considering a **Rule 12(b)(6)** motion, the Court may only consider the pleadings; if the Court considers extrinsic materials, the motion must be converted into a motion for summary judgment. **FED. R. CIV. P. 12(b)(6)**.  However, as Defendant correctly asserts, not all documents outside of the complaint are considered extrinsic.  Instead, the Seventh Circuit has held that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." ***Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).**

Applying that rule in this case, the Court finds that the ADA (Doc. 5, Ex. A) is both referred to in Plaintiffs' complaint and central to Plaintiffs' claims.  In fact, the ADA forms the basis of Plaintiffs' claims.  The Court will not strike this

document.[1]   However, the other two documents, the Demand Letter and the Declaration, are not referred to in Plaintiffs' complaint and to the extent that the Demand Letter is central to Plaintiffs' claims, the Court finds that many of the same allegations are contained within Plaintiffs' Complaint, rendering the Demand Letter unnecessary.  Therefore, the Court sees no reason why these two documents should be considered as part of the pleadings.  The Court will strike these documents from Defendants' motion to dismiss.

Accordingly, the Court **GRANTS** Plaintiffs' motion in part, by striking the Demand Letter and the Declaration attached to Defendants' memorandum in support of the motion to dismiss (Docs. 5, Ex. 1 and Ex. B), but **DENIES** the remainder of Plaintiffs' motion to strike. (Doc. 15.)  As to Plaintiffs' request for an extension of time to respond to Defendants' motion to dismiss, the Court notes that this motion has now been pending for nearly three months.  Plaintiffs are directed to file a response **no later than Friday, May 11, 2007**.

**IT IS SO ORDERED.**

Signed this 4th day of May, 2007.

/s/        David   RHerndon
**United States District Judge**

---

[1] Plaintiffs note in their motion to strike that this document is "unverified."  If, in fact, Plaintiffs contest the authenticity of this document, they are welcome to raise such concerns in their response.