IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MISSOURI FRANCHISE**
**DEVELOPMENT SYSTEMS, LLC**
**AND BRIAN BROWN,**

**Plaintiffs,**

**v.**  No. 07-CV-00099-DRH-DGW

**JOE McCORD and**
**DONALD HARKLEROAD;**

**Defendants.**

MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction

This matter comes before the Court on Defendants Harkleroad and McCord's motion to dismiss or in the alternative for transfer of venue (Doc. 4) and Defendant McCord's motion to dismiss for insufficiency of process (Doc. 34). Afer careful consideration, the Court **GRANTS** McCord's motion to dismiss for insufficiency of process (Doc. 34) and **GRANTS** Defendants' motion for transfer of venue. (Doc. 4.) The Court withholds ruling on Defendants' motion to dismiss. (Doc. 4.)

1

## II. Background

On November 20, 2006, Plaintiffs filed a Complaint in the Circuit Court of St. Clair County, Illinois alleging that Defendants made false representations to induce Plaintiffs into becoming Area Development Directors for Steak-Out Franchising, Inc. (Doc. 2, Ex. 2, ¶ 10.)  Specifically, the Complaint alleges violations of the Illinois Consumer Fraud and Deceptive Practices Act, common law fraud, and breach of the Area Development Agreement ("ADA").  (Doc. 2, Ex. 2.)  On February 2, 2007, Defendants timely filed a notice of removal based on diversity jurisdiction.

## III. Analysis

### A. Motion to Dismiss for Insufficiency of Service of Process

On June 13, 2007, Defendant Joe McCord ("McCord") filed a motion to dismiss for insufficiency of service pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5)**. (Doc. 34.)  As of this date, Plaintiffs have not responded to the motion. Pursuant to **LOCAL RULE 7.1(g)**, the Court considers this failure an admission of the merits of the motion.[1]

To this day, McCord has never been served with process.  According to McCord (and obviously undisputed by Plaintiffs), neither the Circuit Court of St. Clair County or the Southern District of Illinois has any returns of service on file for McCord.  When a case has been removed from state court, as this matter has, service must be made upon any defendant not previously served within 120 days after the

---

[1] "Failure to file a timely response to a motion may, in the court's discretion, be considered an admission of the merits of the motion."  **LOCAL RULE 7.1(g)**.

date of removal. *See* **28 U.S.C. § 1448; FED. R. CIV. P. 4(m)**. This case was removed to federal court on February 2, 2007. On June 2, 2007, the 120-day time period for service lapsed. Typically, a motion to dismiss for insufficiency of service is waived if not raised in a Rule 12(b) motion or the first responsive pleading. **FED. R. CIV. P. 12(h)**. Although McCord joined in Defendant Harkleroad's motion to dismiss (Doc. 4), which was filed on February 9, 2007, McCord did not waive the defense of insufficiency of process because that defense did not become available to him until June 2, 2007. Furthermore, both the notice of removal (Doc. 2) and the motion to dismiss (Doc. 5, p. 4, n. 1) noted that McCord had never been served with process. Therefore, the Court finds that McCord asserted the defense of insufficiency of process at the appropriate time. Accordingly, the Court **GRANTS** McCord's motion to dismiss for insufficiency of service (Doc. 34) and **DISMISSES** Defendant McCord with prejudice.

### B. Motion to Transfer

Defendants filed a motion to dismiss, or, in the alternative, for transfer of venue. (Doc. 4.) Plaintiffs responded in opposition. (Docs. 18, 30.) Defendants argue that based on the forum selection clause in the ADA, the proper venue for claims arising under the ADA is the United States District Court for the Northern District of Georgia.[2] For the following reasons, the Court finds that this matter

---

[2] After Plaintiffs filed this action, Steak-Out Franchising, Inc. filed suit in the Northern District of Georgia. Defendants McCord and Harkleroad joined in Count VIII of that Complaint. That case, *Steak-Out Franchising, Inc. v. Missouri Franchise Development Systems, LLC, Civil Action No. 1:07-CV-00260*, is still pending.

should be transferred to the Northern District of Georgia in accordance with the forum selection clause contained in the ADA. In light of the forum selection clause, the Court need not and will not consider the merits of the motion to dismiss. The merits of these arguments should be decided by the forum the parties agreed would adjudicate any disagreements arising under the ADA.

### 1. Legal Standard

**Section 1404(a)**, which governs the transfer of an action from one federal district court to another, provides: "For the convenience of the parties and the witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." **28 U.S.C. § 1404(a)**. The purpose of **§ 1404(a)** "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, **376 U.S. 612, 616 (1964)**. A transfer under **§ 1404(a)** is appropriate if: (1) venue is proper in both the transferor and the transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. *Vandeveld v. Christoph*, **877 F. Supp. 1160, 1167 (N.D. Ill. 1995)(Bucklo, J.)**. A district judge possesses significant latitude in "weighing of factors for and against transfer." *Coffey v. Van Dorn Iron Works*, **796 F.2d 217, 219 (7th Cir. 1986)**. *See also Dulaney v. United States*, **472 F. Supp. 2d 1085, 1086 (S.D. Ill. 2006) (citing *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989)) ("The weighing of factors for

**and against transfer necessarily involves a large degree of subtlety and latitude and, therefore, is committed to the sound discretion of the trial court.").**

It is well-settled that under either federal or Illinois law, contractual forum selection clauses are valid and enforceable. *IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc.*, **437 F.3d 606 (7th Cir. 2006)**. Such a clause is enforced unless the provision was procured by fraud or overreaching or enforcement would be unreasonable. *Paper Express Ltd. v. Pfankuch Maschinen GmbH,* **972 F.2d 753, 757 (7th Cir. 1992)**. In essence, the clause will be enforced unless its enforcement would be a "serious inconvenience." *Carnival Cruise Lines, Inc., v. Shute*, **499 U.S. 585 (1991)**. The existence of a forum-selection clause is a significant factor that figures centrally in the district court's calculus of whether to transfer a case. *Stewart Organization Inc. v. Ricoh Corp.*, **497 U.S. 22 (1988)**. The Seventh Circuit's approach "is to treat a forum selection clause basically like any other contractual provision and hence to enforce it unless it is subject to any of the sorts of infirmity, such as fraud and mistake, that justify a court's refusing to enforce a contract." *IFC,* **437 F.3d at 610** *(quoting Northwestern National Ins. Co. v. Donovan,* **916 F.2d 372, 375 (7th Cir. 1990)**. Thus, "absent a showing that trial 'in the contractual forum will be so gravely difficult and inconvenient that [the party challenging the clause] will for all practical purposes be deprived of his day in court," "the parties will be held to their bargain as contained in the forum-selection clause." *Heller Financial, Inc. v. Midwhey Powder Co.*, **883 F.2d 1286, 1291 (7th Cir.**

**1989).**

The forum-selection clause under the ADA is not confusing. Section 16A of the ADA states that "Area Director and the Owners consent to exclusive jurisdiction and venue at Steak-Out's sole discretion in the Georgia Courts of Fulton or Gwinnett County, Georgia and in the United States District Court for the Northern District of Georgia, or similar courts in the then principal place of executive offices of Steak-Out." The only argument Plaintiffs offer in support of their position that the forum selection clause should not apply is that the individual Defendants are not parties to the ADA and, therefore, it is inapplicable. However, this argument is incongruous with Count III of Plaintiffs' Complaint, which alleges that the Defendants breached the ADA. Clearly, Plaintiffs' claims arise under the ADA.

While not specifically in reference to the forum selection clause, Plaintiffs also argue that the ADA is a one-sided contract of adhesion; however, Plaintiffs fail to offer any evidence in support of this argument. The burden for showing that a contract is an unenforceable contract of adhesion is demanding. ***See Northwestern Nat'l Ins. Co. v. Donovan*, 916 F.2d at 377-78 (upholding forum selection clause against challenge that it was unenforceable in contract of adhesion)**. The "mere inequality of bargaining power does not of itself make every term of the contract unconscionable." *Id.* Courts should ask whether the parties had a reasonable opportunity to read and understand the term, and whether the term itself is unreasonable or oppressive. *Id.* As Defendants note, and the Cover Agreement

6

confirms, Plaintiffs represented in the negotiations their "experience in food and franchise operations." (Doc. 5, Ex. 2, p. 2.)  "Contrast this situation with one involving a truly nonnegotiated contract.  In ***Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 111 S.Ct. 1522, 113 L.E.2d 622 (1991)**, the Supreme Court held that even a forum selection clause in a commercial passage contract - that is, a ticket for a cruise - was enforceable." ***Muzumdar v. Wellness Intern Network, Ltd.*, 438 F.3d 759, 762 (7th Cir. 2006)**.  Clearly if a forum selection clause is enforceable under that type of contract, it would be enforceable here, where the parties presumably spent time negotiating the ADA, were more sophisticated in terms of the contract in which they were entering, and any disparities in bargaining power were not so unequal as to be unconscionable.  Therefore, the Court finds that the forum selection clause in the ADA is valid and enforceable and that, in the interest of justice, the case should be transferred to the Northern District of Georgia.

## IV. Conclusion

Accordingly, the Court **GRANTS** Defendant Joe McCord's motion to dismiss for insufficiency of service of process (Doc. 34) and **DISMISSES** Defendant McCord with prejudice.  In addition, the Court **GRANTS** Defendants' motion for transfer of venue (Doc. 4).  The Court withholds ruling on the merits of Defendants' motion to dismiss. (Doc. 4.)  This portion of Defendants' motion will remain pending on transfer.  The Court directs the Clerk to **TRANSFER** this case from the Southern District of Illinois to the United States District Court of the Northern District of

Georgia. Clerk shall not notify the Northern District of Georgia of the availability of this file until November 5, 2007 to give interested parties the opportunity to file motions if they wish. If no motions have been filed by that date the Clerk shall proceed with the "transfer." Any motions to reconsider on file by that date shall operate as a stay on the transfer of this file to the Northern District of Georgia.

**IT IS SO ORDERED.**

Signed this 19th day of October, 2007.

/s/     DavidRHerndon
**Chief Judge**
**United States District Court**